IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSE HERNANDEZ LOPEZ | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. CIV-26-51-PRW |
| | ) | |
| KRISTI NOEM, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

## **ORDER**

Before the Court is Petitioner's Emergency Motion for Temporary Restraining Order and/or Preliminary Injunction (Dkt. 3). For the reasons given below, the Motion (Dkt. 3) is **DENIED**.

### *Background*

This Motion (Dkt. 3) arises out of a habeas claim, filed pursuant to 28 U.S.C. § 2241(c)(3).[1] Petitioner last illegally entered the United States "decades ago" without first being inspected or admitted.[2] On November 17, 2025, Petitioner was apprehended by police during a traffic stop and transferred to ICE custody that same day.[3] Further still, on November 17, 2025, the Department of Homeland Security issued Petitioner a Notice to Appear, triggering removal proceedings pursuant to 8 U.S.C. § 1229a. The government detains Petitioner under § 1225(b)(2)(A) since he is an illegal alien and entered the country

---

[1] "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004).

[2] Mot. (Dkt. 3), at 8.

[3] *Id.* at 12.

without first being admitted or inspected. Petitioner, however, believes he is detained pursuant to 8 U.S.C. § 1226(a), which doesn't require detention and permits bond when detention occurs, and thus he requests that he either receive a detention hearing or be released.

## *Legal Standard*

The Court considers applications for temporary restraining orders under the same guidelines for preliminary injunctions.[4] "An injunction is a drastic and extraordinary remedy, which should not be granted as a matter of course."[5] The Court may provide preliminary temporary relief if (1) Petitioner demonstrates a substantially likelihood of success on the merits; (2) Petitioner shows he will suffer irreparable injury if relief is denied; (3) Petitioner's purported injury outweighs the injury Respondents will suffer from the injunctive relief; and (4) the injunctive relief would not be adverse to the public interest.[6] "The third and fourth prongs 'merge when the Government is the opposing party.'"[7] The likelihood of success on the merits is the Court's "most important" consideration.[8] As the movant, it is Petitioner's burden to establish that each factor tips in his favor.[9]

---

[4] *Herrera v. Santa Fe Public Schools*, 792 F. Supp. 2d 1174, 1181 (D.N.M., May 20, 2011).
[5] *Mondanto Co v. Geertson Seed Farms*, 561 U.S. 139, 165 (2010).
[6] *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016).
[7] *Does 1-11 v. Board of Regents of University of Colorado*, 100 F.4th 1251, 1267 (10th Cir. 2024) (quoting *Nken v. Holder*, 556 U.S. 418, 435 (2009).
[8] *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1229 (10th Cir. 2018).
[9] *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003).

*Analysis*

**I.    Petitioner is unlikely to succeed on the Merits.**

Petitioner cannot demonstrate that he satisfies the most important factor the Court considers in granting interim relief. Because Petitioner can make no showing he will succeed on the merits, the Court cannot grant a TRO.

    **a.  Petitioner is detained under 8 U.S.C. § 1225(b)(2).**

For the reasons given in the Court's Order in *Sosa v. Holt*, the Court finds that, because Petitioner entered the United States without admission or inspection, he is properly detained pursuant to 8 U.S.C. § 1225(b)(2).[10]

    **b.  Petitioner has failed to show a due process violation.**

Petitioner has been in ICE custody since November 17, 2025.[11] As in *Sosa,* the Court finds that Petitioner's due process claim is premature.[12] *Zadvydas v. Davis* states that a six-month detention period is presumptively constitutional before the government must release a removable alien who shows "that there is no significant likelihood of removal in the reasonably foreseeable future[.]"[13]

---

[10] *See Sosa v. Holt*, Case No. CIV-25-1257-PRW, 2026 WL 36344 (W.D. Okla. Jan. 6, 2026).

[11] R&R (Dkt. 11, at 2).

[12] *Sosa*, at *5.

[13] 533 U.S. 678, 701 (2001).

**II.    Petitioner has failed to demonstrate irreparable harm.**

Petitioner's Motion casts his irreparable harm as being one of "unlawful detention."[14] But because the Court has found that Petitioner *is* lawfully detained pursuant to 8 U.S.C. § 1225(b)(2), and because the Court finds that any due process claim is premature, his detention is not unlawful, and therefore he suffers no cognizable irreparable harm.

**III.   The balance of equities and public interest do not tip in Petitioner's favor.**

Finally, because the Court finds Petitioner suffers no legally cognizable injury, there is no question that the equities and public interest weigh in favor of Respondents' continued enforcement of the nation's immigration laws.

*Conclusion*

Because Petitioner has not demonstrated that any of the necessary factors for preliminary relief work in his favor, the Court **DENIES** the Motion (Dkt. 3).[15]

**IT IS SO ORDERED** this 16th day of January 2026.

PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[14] Mot. (Dkt. 3), at 23.

[15] Even if the Court found that the factors for a TRO weighed in Petitioner's favor, the Court would still deny the Motion (Dkt. 3) for Petitioner's failure to follow the notice requirements of Fed. R. Civ. P. 65.